# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00486-CR

**Guillermo Salazar Villanueva, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE 274TH DISTRICT COURT OF COMAL COUNTY, NO. CR2017-378, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

## MEMORANDUM OPINION

Appellant Guillermo Salazar Villanueva has filed a notice of appeal from a judgment of conviction for evading arrest with a vehicle. *See* Tex. Penal Code § 38.04(b)(2)(A). This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction."). In this case, the district court imposed sentence on May 2, 2018. Rule 26.2 of the Texas Rules of Appellate Procedure provides that an appeal is perfected in a criminal case when notice of appeal is filed within 30 days after the day sentence is imposed or suspended in open court or within 90 days after sentencing, if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a)(1)-(2). Thus, the deadline for perfecting the appeal was June 1, 2018. Villanueva filed his notice of appeal on July 23, 2018. Absent a timely filed notice of appeal, we lack jurisdiction to dispose of this appeal in any manner other than by dismissing it for want of jurisdiction. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex.

Crim. App. 2012); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Accordingly, we dismiss the appeal for want of jurisdiction.[1]

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Field

Dismissed for Want of Jurisdiction

Filed:   August 7, 2018

Do Not Publish

_____

[1] The remedy for a late-filed notice of appeal is to file a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* Tex. Code Crim. Proc. art. 11.07.